IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CALVIN DEE FINCH,

    Petitioner,

v.                                              No. CV 15-843 KG/CG

TOM HAVEL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Calvin Dee Finch's *Petition for Writ of Habeas Corpus*, (Doc. 1), filed September 21, 2015; *Respondent's Answer to Calvin Dee Finch's* Pro Se *Petition for Habeas Corpus*, (Doc. 9), filed December 16, 2015; and *P[e]tition[er's] Answer to Respondent*, (Doc. 10), filed January 6, 2016. United States District Judge Kenneth J. Gonzales referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (Doc. 3).

After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE** because the state court is an adequate forum to bring Petitioner's claims and Petitioner failed to exhaust his claims in state court.

**I.    Procedural Background**

Petitioner is an inmate at San Juan County Detention Center in Farmington, New Mexico. (Doc. 1). Petitioner was charged with: (1) driving while under the influence of intoxicating liquor, (2) homicide by vehicle while under the influence of intoxicating liquor

or any drug, (3) driving while license suspended or revoked, and (4) improper turning at intersection. (Doc. 9-1 at 2). The charges arose out of a July 4, 2009 car accident that resulted in the death of a motorcyclist. (*Id.* at 11). On August 3, 2010, Petitioner pled guilty to homicide by vehicle while driving under the influence of intoxicating liquor or any drug. (*Id.* at 2). On August 4, 2010, Petitioner was found guilty at a jury trial of driving while under the influence of intoxicating liquor and driving while license suspended or revoked. (*Id.*). Because Petitioner had been convicted of at least six DWIs prior to the accident, his six year term of imprisonment was enhanced by sixteen years and he was sentenced to twenty-two years in prison. (*Id.* at 4). Petitioner appealed his conviction to the New Mexico Court of Appeals ("state appeals court") on September 8, 2010. (*Id.* at 7). The state appeals court found that the jury instructions were deficient in regards to their causation instruction. The court reversed Petitioner's conviction of homicide by vehicle while driving under the influence of intoxicating liquor and remanded for a new trial on October 20, 2012. (*Id.* at 18). The mandate from the state court of appeals was issued on November 25, 2013. (*Id.* at 35).

Although Petitioner's retrial was originally scheduled for June 17, 2014, it was continued until January 6, 2016, based primarily on defense counsel's requests. (*Id.* at 36-47). Neither Party notified this Court as to whether the trial went forward on January 6, but based on the New Mexico Courts Case Lookup, it appears that the trial was continued. New Mexico Courts Case Lookup, *State of New Mexico v. Calvin D. Finch*, https://caselookup.nmcourts.gov/caselookup/app (last visited March 4, 2016). On August 30, 2015, Petitioner signed a state petition for writ of habeas corpus. (Doc. 9-1 at 49-53). The petition was received by the Court on October 22, 2015. (*Id.* at 49).

Petitioner filed an identical petition with this Court on September 21, 2015. (Doc. 1). The state appeals court denied Petitioner's habeas petition on November 3, 2015, because "the matters raised in the petition concern the progress of this case which [was] set for trial on January 6, 2016." (Doc. 9-1 at 48). Petitioner did not seek certiorari review or appeal the court's decision. (Doc. 9 at 3).

Petitioner raises five claims, which the Court construes as follows[1]:

1) Speedy Trial;

    a. Petitioner states that he has been in jail for eighteen months without a bail, evidentiary, or suppression hearing.

    b. Petitioner also cites to the postponements in his jury trial.

2) Ineffective Assistance of Counsel;

    a. Petitioner cites to *State of N.M. v. Roybal*, 54 P.3d 61 (N.M. 2002). In that case, a defendant appealed his first degree murder conviction based on ineffective assistance of counsel. The Supreme Court held that the "defense counsel's performance was deficient . . . [but] Defendant was not prejudiced thereby . . . ."[2]

3) "First Amendment Equal Rights and Treatment;[3]"

4) "[Fourteenth] Amendment Due Process, Right to Bail;[4]" and

5) "Fo[u]rth Amendment Article II of the New Mex[ico] Constitution.[5]"

---

[1] The Court construes pro se litigants' pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1994).

[2] The Court will construe this to be an ineffective assistance of counsel argument.

[3] The Court will construe this claim as referring to the First Amendment of the United States Constitution, because Petitioner specifically refers to the New Mexico Constitution in his fifth claim. It appears that Petitioner is actually referring to the equal protection clause of the Fourteenth Amendment. U.S. Const. amend. XIV § 1.

[4] The Court again construes this claim to refer to the Fourteenth Amendment of the United States Constitution. Petitioner correctly cites to the Fourteenth Amendment for the due process clause; however, "excessive bail" is found in the Eighth Amendment. *Id.* VIII, XIV § 1.

Respondent argues that Petitioner failed to exhaust his state-court remedies pursuant to 28 U.S.C. §2254 and asks the Court to dismiss the petition without prejudice. Alternatively, Respondent argues that the petition was prematurely filed and should be dismissed on those grounds based on 28 U.S.C. § 2241.

## II. Analysis

### a. Standard of Review

"A pro se litigant's pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Id.* Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### b. 28 U.S.C. § 2241 Writ of Habeas Corpus Petition

As a preliminary matter, there is some confusion as to which section Petitioner filed his writ under. Petitioner filed the petition in this Court on a New Mexico petition for writ of habeas corpus form. (Doc. 1). Respondent argues that the petition should be dismissed under either § 2254 or § 2241. (Doc. 9 at 5-10).

The Tenth Circuit is clear that "a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. §2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citing *Green v. Whetsel,* No. 05-6300, 164 Fed. Appx. 710, 710–

---

[5] Article II Section IV of the New Mexico Constitution states, "[a]ll persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness." N.M. Const. art. II, § 4.

11, 2006 WL 151872 (10th Cir. Jan. 20, 2006) (unpublished); *Fuller v. Green,* No. 03-3346, 112 Fed. Appx. 724, 725, 2004 WL 2370648 (10th Cir. Oct. 22, 2004) (unpublished); *Gould v. Colorado,* No. 02-1162, 45 Fed.Appx. 835, 837 n. 1, 2002 WL 193596 (10th Cir. Aug. 22, 2002) (unpublished)). By comparison, a § 2254 petition "is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (quoting *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)). As Petitioner's first conviction was reversed and remanded for a new trial, he is attacking his pretrial detention and not a conviction or sentence, thus § 2241 is the appropriate section to bring his habeas petition.

Whether Petitioner intended to file a § 2254 or §2241 petition, the Court will construe it arising under § 2241. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. U.S.*, 540 U.S. 375, 381 (2003) (internal citations omitted). Courts may do this in order "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 791-92 (internal citations omitted).

    c.  Abstention

Absent special circumstances, a federal court may not intervene in ongoing state criminal proceedings. *Walck*, 472 F.3d at 1233 (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971)). Based on *Younger*, a federal court must abstain from interfering with a state court case when:

> (1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important interests, matters which traditionally look to state law for their resolution or implicate separately

5

articulated state policies.

*Id.* (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

The three requirements of *Younger* are clearly met in the case at bar. First, the criminal proceedings in Petitioner's case are ongoing as Petitioner is currently awaiting his retrial. Second, Petitioner can bring his claims in the state court proceeding through his counsel of record. Finally, the proceedings involve important state interests, in that New Mexico has an interest in enforcing its own criminal laws. Based on the *Younger* criteria, the Court must abstain from interfering with petitioner's ongoing criminal case in New Mexico state court.

      d.  Exhaustion of State Court Remedies

Furthermore, even if the Court had jurisdiction to consider Petitioner's claims, he has not exhausted his available state court remedies. Although § 2241 is available to petitioners who have not been tried in state court, a petitioner must exhaust his remedies at the state court level. *Yellowbear v. Wyoming Attorney Gen.*, No. 04-8120, 130 F. Appx. 276, 276-77, 2005 WL 1023436 (10th Cir. May 3, 2005) (unpublished) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)) *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973) (holding that the exhaustion requirement applies to § 2241 petitions brought by pretrial detainees). At the time that Petitioner filed the instant federal habeas petition, his state court challenge was also pending. Consequently, Petitioner had not exhausted his state court remedies at the time he filed his federal habeas petition. *Strickland v. Wilson*, No 10-8057, 399 Fed. Appx. 391, 396, 2010 WL 4121879 (10th Cir. Oct. 21, 2210).

### III. Recommendation

For the foregoing reasons, the Court finds that Petitioner has an adequate forum to bring his claims in state court and Petitioner has not exhausted all of his claims in state court. As a result, the Court **RECOMMENDS** that the petition be **DISMISSED WITHOUT PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE