IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CALVIN DEE FINCH,

    Petitioner,

v.                                          No. CV 15-843 KG/CG

TOM HAVEL,

    Respondent.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on March 4, 2016. (Doc. 13). In the PFRD, the Magistrate Judge concluded that Petitioner Calvin Dee Finch failed to exhaust his claims in state court, and recommended that his *Petition for Writ of Habeas Corpus* ("Petition"), (Doc. 1), be dismissed without prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 13 at 7). Petitioner filed an *Answer to Recommended Disposition*, (Doc. 14), on March 21, 2016. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

    **I.**     **Background**

Petitioner is an inmate at the San Juan County Detention Center in Farmington, New Mexico. (Doc. 1). This case arises out of a July 4, 2009, car accident that resulted in the death of a motorcyclist. (*Id.* at 11). After the accident, Petitioner was charged with several crimes, including: (1) driving while under the influence of intoxicating liquor; (2) homicide by

vehicle while under the influence of intoxicating liquor or any drug; (3) driving while license suspended or revoked; and (4) improper turning at an intersection. (Doc. 9-1 at 2).

Petitioner pled guilty to homicide by vehicle while driving under the influence of intoxicating liquor or any drug on August 3, 2010. (*Id*. at 2). On August 4, 2010, after a jury trial, Petitioner was found guilty of driving while under the influence of intoxicating liquor and driving while license suspended or revoked. (*Id*.). Due to prior convictions, Petitioner's sentence was enhanced by sixteen years and he was sentenced to twenty-two years in prison. (*Id*. at 4).

Petitioner appealed his conviction to the New Mexico Court of Appeals ("state appeals court"). (*Id*. at 7). The state appeals court found that the jury instructions at Petitioner's trial were deficient with regard to the causation instruction. The court reversed Petitioner's conviction of homicide by vehicle while driving under the influence of intoxicating liquor and remanded the case for a new trial on October 20, 2012. (*Id*. at 18). The mandate from the state court of appeals was issued on November 25, 2013. (*Id*. at 35).

Although Petitioner's retrial was originally scheduled for June 17, 2014, it was continued several times based primarily on defense counsel's requests, and this Court was last notified that it would take place on January 6, 2016. (*Id*. at 36-47). On August 30, 2015, Petitioner signed a state petition for writ of habeas corpus. (Doc. 9-1 at 49-53). The petition was received by the State of New Mexico County of San Juan District Court ("state district court") on October 22, 2015. (*Id*. at 49). Petitioner filed an identical petition with this Court on September 21, 2015. (Doc. 1). The state district court denied Petitioner's habeas petition on November 3, 2015, because "the matters raised in the petition concern the progress of this case which [was] set for trial on January 6, 2016." (Doc. 9-1 at 48). Petitioner did not seek certiorari review or appeal the court's decision. (Doc. 9 at 3).

In his September 21, 2015, Petition in this Court, Petitioner requested habeas review pursuant to 28 U.S.C. § 2254. This Court referred the matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition. (Doc. 3). Judge Garza first found that Petitioner was attacking his pretrial detention under § 2241, not § 2254, and then concluded that Petitioner's claims should be dismissed without prejudice because Petitioner failed to exhaust his state court remedies.

## II.     Objections

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

In this case, Petitioner raised five claims for habeas relief, which Judge Garza construed as follows:[1]

1. Speedy Trial: Petitioner asserted that he has been in jail for eighteen months without a bail, evidentiary, or suppression hearing and his jury trial has been postponed several times;
2. Ineffective Assistance of Counsel;
3. "First Amendment Equal Rights and Treatment;"
4. "[Fourteenth] Amendment Due Process, Right to Bail;" and
5. "Fo[u]rth Amendment Article II of the New Mex[ico] Constitution."

After considering all of the evidence in the record, Judge Garza determined that Petitioner's habeas claims were unexhausted, and that the state court was an adequate forum to

---

[1] The Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

bring these claims. (Doc. 13 at 7). Accordingly, Judge Garza recommended that all of Petitioner's claims be dismissed without prejudice.

Petitioner objects to Judge Garza's findings, arguing that he does not have a court date or a lawyer and reiterates that his right to a speedy trial has been violated. (Doc. 14 at 2-6). Defendant has not responded to Plaintiff's objections.

In the PFRD, Judge Garza explained that a federal district court may not consider a petitioner's § 2241 claims until the petitioner has exhausted his remedies in state court. *Yellowbear v. Wyoming Attorney Gen.*, No. 04-8120, 130 Fed. Appx. 276, 276-77 (10th Cir. May 3, 2005) (unpublished) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)); *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973) (holding that the exhaustion requirement applies to § 2241 petitions brought by pretrial detainees). Upon review of the record, Judge Garza found that when Petitioner filed his Petition in this Court, Petitioner's state court challenge was also pending. As a result, Judge Garza determined that his claims were not exhausted at the state court level.

This Court agrees with Judge Garza's analysis. Although, unlike § 2254, § 2241 does not contain an explicit exhaustion requirement, petitioners are required to exhaust available state remedies prior to filing a petition in federal court. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Exhaustion is required unless there is "no opportunity to obtain redress in state court or if the process is so clearly deficient as to render futile any effort to obtain relief." *Teagle v. Champion*, No. 01-7003, 21 Fed. Appx. 790, 791 (10th Cir. Sept. 24, 2001) (unpublished) (quoting *Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000)). The Petitioner bears the burden of proving that exhaustion would have been futile. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). Petitioner states that he is "not able to" pursue his claim in state court "if

the [authority] keeps [him] from the Court." (Doc. 14 at 2). However, "the mere recitation of futility is not sufficient." *Teagle*, 21 Fed Appx. at 791. In this case, it is clear that Petitioner has not exhausted his remedies in state court.

Apart from Petitioner's claims that he is being kept away from the court, there is nothing in the record to show that Petitioner is unable to use the state court process or that the process would be ineffective. Indeed, the state district court has responded to Petitioner's filings. (Doc. 9-1 at 48). Petitioner filed a state petition for writ of habeas corpus, which the state appeals court denied because the case is ongoing and there was no final, appealable order for the court to review. (Doc. 9-1 at 48). Petitioner did not seek certiorari review or appeal the state court's order. (Doc. 9 at 3). As a result, the Court finds that Petitioner has not met his burden to show that he has exhausted his remedies in state court or that exhaustion would be futile. Therefore, the Court agrees with Judge Garza's recommendation that Petitioner's Application be dismissed without prejudice.

### III.  Conclusion

Plaintiff has not argued that there are any factual or legal errors in Judge Garza's analysis of the claims in his Petition. The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's claims should be dismissed without prejudice. Petitioner's objections are therefore overruled.

For the reasons stated above, **IT IS THEREFORE ORDERED** that Judge Garza's *Proposed Findings and Recommended Disposition*, (Doc. 13), be **ADOPTED**.

_____
UNITED STATES DISTRICT JUDGE